**CAMPBELL & COOMBS, P.C.**
1811 South Alma School, Suite 225
Mesa, Arizona 85225
(480) 839-4828
facsimile: 480-897-1461

Harold E. Campbell
State Bar No. 005160
Ryan M. Hicks
State Bar No. 026016
Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CLIFF BARTHOLOMEW and CINDY BARTHOLOMEW, husband and wife | Case No. 2:10-cv-1597 |
| Plaintiffs, | |
| v. | **COMPLAINT** |
| FIRST FEDERAL CREDIT CONTROL, an Ohio corporation, SERVICES INCORPORATED, a Delaware corporation, and DIABETIC CARE SERVICES, INC., an Ohio corporation, | |
| Defendants. | |

### JURISDICTION

1. The jurisdiction of this Court attains pursuant to the FCRA, 15 U.S.C. Section 1681(p), and the doctrine of pendent jurisdiction. Venue lies in the District of Arizona as plaintiffs' claims arose from acts of the defendants perpetrated therein.

### PRELIMINARY STATEMENT

2. Plaintiffs bring this action for damages based upon defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. sections 1681 et seq. ("FCRA"), and of state law obligations brought as supplemental claims.

3. Plaintiffs are natural persons and are residents and citizens of Maricopa County, State of

Arizona and of the United States. Plaintiffs are "consumers" as defined by sections 1681 a(c) of the FCRA.

4. Diabetic Care Services ("Diabetic Care") is an Ohio corporation which conducts business in State of Arizona.

5. Diabetic Care is a furnisher of information as contemplated by FCRA section 1681s-2(a) & (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

6. First Federal Credit Control, ("First Federal") is an Ohio corporation and a credit collection agency doing business in the State of Arizona.

7. First Federal is a furnisher of information as contemplated by FCRA section 1681s-2(a) & (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

8. Services Incorporated  ("Services Inc") is a business entity incorporated in the State of Delaware doing business in the State of Arizona.

9. Services Inc is a furnisher of information as contemplated by FCRA section 1681s-2(a) & (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

## FACTUAL ALLEGATIONS

10. Plaintiffs' creditworthiness have been repeatedly compromised by the acts and omissions of the defendants.

11. In or around July 2009, Defendant Diabetic Care solicited Plaintiffs and told them they would receive a free meter and testing strips.

12. Plaintiffs admit they received the meter and strips, but did not like the product.

13. In or around August 2009, Plaintiffs received an invoice in the amount of $91.00.

2

14. Plaintiffs contacted Diabetic Care and was told by a Diabetic Care representative that the meter was free but the strips cost $91.00 and that was the reason for the invoice.

15. Plaintiffs were never informed in advance that there would be a charge for the testing strips and Plaintiffs were led to believe they were free as well.

16. Plaintiffs were then instructed by Christine, a Diabetic Care billing representative, to return both the meter and all of the strips within 3 to 4 days if they wished to avoid the $91.00 charge.

17. Plaintiffs then returned all of the products (meter and all testing strips) to Diabetic Care at 34099 Melinz Parkway #F 1, Eastlake, Ohio 44095 via US Mail.

18. Approximately four (4) weeks later, Plaintiffs received another bill from Diabetic Care in the amount of $91.00.

19. Plaintiffs then sent a letter to Diabetic Care at the Eastlake, Ohio address reminding them that all product was mailed back per Christine's instructions and the invoice was improper.

20. After the letter was sent, Plaintiffs did not hear from Diabetic Care again.

21. On February 5, 2010, Plaintiff Cliff Bartholomew received an alert on his credit report regarding an account that was sent to collections.

22. Defendant First Federal was listed on Plaintiffs' credit report as the owner of the account.

23. Defendant Services Inc was listed on Plaintiffs' credit report as the original creditor.

24. Shortly after the February 5, 2010 collections notice, Plaintiffs contacted First Federal who explained they were collecting a debt for Diabetic Care in the amount of $91.00.

25. First Federal instructed Plaintiffs to contact Mary Word with Diabetic Care if they did not believe this money was owed.

26. Plaintiffs contacted Mary Word and explained to her that the meter and testing strips were returned, per Christine in billing's instructions, by mail to the address in Eastlake, Ohio.

27. Ms. Word told Plaintiffs that the meter and testing strips were never received.

28. Plaintiffs never received the package as returned to sender and therefore assumed the

3

products were properly returned and delivered to the address provided by Diabetic Care billing representative Christine.

29.   Plaintiffs then called Christine in the billing department on February 9, 2010 who explained that the products were never received.

30.   Christine offered to check in various locations for the package and promised to call Plaintiffs back no later than February 11, 2010.

31.   Plaintiffs never heard back from Christine nor any other Diabetic Care representative.

32.   On March 17, 2010 Plaintiffs called Christine again and asked why a return phone call was never received and asked Christine to provide a physical address of where her department was located.

33.   Christine refused to give out a physical address and refused to speak to Plaintiffs any more.

34.   On or around March 19, 2010, Plaintiffs' counsel sent a letter to Diabetic Care informing them that the products were returned and that their continuing to report the account as delinquent and in collections to the credit reporting agencies was a violation of the Fair Credit Reporting Act and A.R.S. § 44-1522.

35.   Plaintiffs' counsel followed up on this letter with a phone call to Diabetic Care.  Diabetic Care informed Plaintiffs' counsel that the account had been sold to First Federal and that it was no longer their problem.

36.   On or around May 12, 2010, Plaintiffs' counsel sent out letters to First Federal and Services Inc informing them that the products were returned and continuing to report the account as delinquent and in collections was in violation of the Fair Credit Reporting Act and A.R.S. § 44-1522.

37.   Despite efforts by Plaintiffs and Plaintiffs' counsel, all Defendants have continued reporting this account to the credit reporting agencies as delinquent and in collections.

38.   As a result of the derogatory information reported by Defendants Diabetic Care, First Federal, and Services Inc, Plaintiff's credit score dropped from approximately 800 to 624 as of July 15,

2010. Plaintiff has sustained actual damages including emotional distress and pecuniary loss.

## STATEMENT OF CLAIMS AGAINST DIABETIC CARE

39. Plaintiffs re-allege paragraphs 1 through 38.

40. Defendant Diabetic Care has:

  a)   willfully and/or negligently violated the provisions of the FCRA by willfully and/or negligently failing to comport with FCRA section 1681s-2;

  b)   defamed Plaintiffs by publishing to third parties false information regarding their creditworthiness;

  c)   invaded the privacy of plaintiffs;

  d)   committed acts in violation of A.R.S. § 44-1522, and

  e)   failed its duty to prevent foreseeable injury to plaintiffs.

## STATEMENT OF CLAIMS AGAINST FIRST FEDERAL

41. Plaintiffs re-allege paragraphs 1 through 38

42. First Federal has:

  a)   willfully and/or negligently violated the provisions of the FCRA by willfully

and/or negligently failing to comport with FCRA section 1681s-2(b);

b)   defamed plaintiffs by publishing to third parties false information regarding their creditworthiness;

c)   invaded the privacy of plaintiffs;

d)   committed acts in violation of A.R.S. § 44-1522, and

e)   failed its duty to prevent foreseeable injury to plaintiffs.

## STATEMENT OF CLAIMS AGAINST SERVICES INC

43.   Plaintiffs re-allege paragraphs 1 through 38.

44.   Services Inc has:

a)   willfully and/or negligently violated the provisions of the FCRA by willfully and/or negligently failing to comport with FCRA section 1681s-2(b);

b)   defamed plaintiffs by publishing to third parties false information regarding their creditworthiness;

c)   invaded the privacy of plaintiffs;

d)   committed acts in violation of A.R.S. § 44-1522, and

e)      failed its duty to prevent foreseeable injury to plaintiffs.

## **PRAYER FOR RELIEF**

45.    THEREFORE, Plaintiffs prays that the Court grant the following relief as against

Defendants

a)      actual damages in an amount of not less than $100 and not more than $1,000;

b)      punitive damages in an amount of not less than $10,000 to be determined at

trial;

c)      the costs of this action together with reasonable attorney's fees in an amount to

be determined at trial; and

d)      for any further relief the Court deems just and appropriate.

DATED:    July 28, 2010.

CAMPBELL & COOMBS, P.C.

By   /s/ HEC   005160

Harold E. Campbell

Attorney for Debtor

7